UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 08-CV-4401 (JFB) (ETB)
_____

SHAWN M. KUAR,

Plaintiff,

VERSUS

MICHAEL P. MAWN, ET AL.,

Defendants.

_____

**MEMORANDUM AND ORDER**
September 4, 2012
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Shawn M. Kuar ("plaintiff" or "Kuar") brought this action, *pro se*, against defendants New York State Trooper Michael P. Mawn ("Mawn" or "defendant"), Suffolk County Assistant District Attorney Melissa Price,[1] and Mark G. Kirshner, Esq.,[2] alleging various constitutional and state common law claims stemming from a February 7, 2008 incident during which Mawn allegedly shot and used pepper spray against plaintiff. Specifically, plaintiff has brought Fourth Amendment excessive force and Eighth Amendment cruel and unusual punishment claims against Mawn, along with state common law claims for assault, battery, and negligence.

By Memorandum and Order dated March 4, 2011, this Court granted Mawn's motion to dismiss plaintiff's Eighth Amendment claims, but denied defendant's motion in all other respects. The Court also precluded plaintiff from relying on certain factual assertions in the amended complaint that were clearly contradictory to statements that were made by plaintiff during his plea allocution and were adopted by the state court in accepting plaintiff's plea.

---

[1] Price moved to dismiss on the ground of absolute immunity, and by Memorandum and Order dated March 4, 2011, this Court granted Price's motion.

[2] The Court notes that defendant Kirshner has not yet appeared in this action and, accordingly, has not submitted any motion to dismiss. However, for the reasons discussed *infra*, if plaintiff fails to file for permission to reapply for admission to the United States by October 31, 2012, or obtain counsel, the Court will *sua sponte* dismiss the case against Kirshner for failure to prosecute for the same reasons such a result would be warranted for defendant Mawn.

Mawn now moves to dismiss plaintiff's claims, pursuant to Federal Rule of Civil Procedure 41, for failure to prosecute. Specifically, defendant argues that, because plaintiff has been deported and cannot appear for trial, and because plaintiff failed to inform the Court of his deportation for over one year, the Court should dismiss the complaint for failure to prosecute.

For the reasons set forth below, the Court denies Mawn's motion to dismiss at this juncture, without prejudice to renewal. In particular, although the Court agrees with Mawn that the case should be dismissed for failure to prosecute if the *pro* se plaintiff is unable to appear for trial because of his deportation, the Court will permit plaintiff an opportunity to try to obtain the written consent of the Secretary of the Department of Homeland Security granting plaintiff permission to reapply for admission to the United States, or to retain counsel in this action so that he does not have to travel to the United States to conduct the trial *pro se*. Mawn is granted leave to submit a letter requesting dismissal of this action after October 31, 2012, if plaintiff does neither of the following: (1) files a copy with this Court of his request for the written consent of the Secretary of the Department of Homeland Security granting plaintiff permission to reapply for admission to the United States, or (2) has retained counsel file a notice of appearance in this case. Moreover, given the potential renewed motion for failure to prosecute due to the deportation, the Court, in its discretion, will stay this action pending plaintiff's response to this Court's direction.[3] There is no reason for defendant to incur the cost of additional discovery (including a deposition of plaintiff by teleconference) unless plaintiff is able to rectify the current situation which will otherwise result in dismissal of this case because of his inability to return to the United States to represent himself at any future trial in this case.

I. Procedural History[4]

Plaintiff filed this action on October 27, 2008. Defendants Mawn and Price separately filed motions to dismiss, and by Memorandum and Order dated March 4, 2011, this Court granted Price's motion and granted Mawn's motion with respect to the Eighth Amendment claim. *Kuar v. Mawn*, No. 08-CV-4401 (JFB)(ETB), 2011 WL 838911, at *14 (E.D.N.Y. Mar. 4, 2011).

Plaintiff was deported on November 18, 2010. (Affirmation of Anne C. Leahey (the "Leahey Aff."), Ex. B). By letter filed December 7, 2010, Mawn's counsel informed Magistrate Judge E. Thomas Boyle that she attempted to serve a copy of the order scheduling a telephone conference on April 20, 2012 at plaintiff's address at the time – 2350 Federal Drive, Bativa, New York 14020 – but the Order was returned. (Letter Regarding Plaintiff's Address, December 7, 2010, ECF No. 64.) On or about December 20, 2010, plaintiff informed the Court that his new address was 26-15 94th Street, East Elmhurst, NY 11369. (Notice of Change of Address, December 20, 2012, ECF No. 65.)

On April 13, 2011, Magistrate Judge Boyle cancelled the April 20, 2011 telephone conference, ordered that discovery be completed by October 28, 2011, and scheduled a final telephone conference for

---

[3] As explained *infra*, plaintiff filed a motion to conduct his deposition by telephone. However, because discovery is stayed, the Court denies plaintiff's motion without prejudice to renew his application if he obtains the ability to return to the United States for purposes of conducting the trial.

[4] A summary of the factual background of this action can be found in this Court's prior decision. *Kuar v. Mawn*, No. 08-CV-4401 (JFB)(ETB), 2011 WL 838911, at *1-2 (E.D.N.Y. Mar. 4, 2011).

November 15, 2011. (Scheduling Order, April 13, 2011, ECF No. 68.) By letter dated April 4, 2011, and addressed to Magistrate Judge Boyle, plaintiff informed the Court that he was out of the country. (Letter dtd. 4/4/11, April 22, 2011, ECF No. 69.) By letter dated May 19, 2011, plaintiff advised this Court that he was out of the country, but he could be contacted at the address in East Elmhurst or at 28 Gardenia Drive, Roystonia, Couva, Trinidad, W.I. (Letter dtd. 5/19/11, May 31, 2011, ECF No. 70.) By letter dated October 19, 2011, defendant informed Judge Boyle that, while document discovery had been completed, and plaintiff informed defendant that he would be returning to New York for his deposition, defendant had discovered that plaintiff was deported. (Letter Motion to Stay or Adjourn Discovery Regarding Deportation of Plaintiff, October 19, 2011, ECF No. 71.)

At the telephone conference before Magistrate Judge Boyle on November 15, 2011, Magistrate Judge Boyle directed the plaintiff "to ascertain the feasibility of a deposition of him at the United States Embassy (or consulate) in Trinidad in view of his present citizenship, residence and status as someone who is deported and not permitted to gain re-entry into the United States at this time without consent of the Attorney General of the United States." (Minute Entry, November 15, 2011, ECF No. 73.)

Mawn filed the instant motion on November 18, 2011[5] and a motion for reconsideration of Magistrate Judge Boyle's ruling on November 22, 2012. (First Motion to Dismiss for Lack of Prosecution, November 18, 2011, ECF No. 74; Motion for Reconsideration, November 22, 2011, ECF No. 75.) On or about November 28, 2012, plaintiff provided the Court with an updated address – 28 Gardenia Drive, Roystoria, Couva, Trinidad W.I. (Notice of Change of Address, November 28, 2011 ECF No. 76.) On December 2, 2011, this Court waived the pre-motion conference on Mawn's motion to dismiss and set a briefing schedule ordering that plaintiff's opposition was to be filed by January 16, 2012, and that Mawn may submit a reply by January 30, 2012. (Order, December 6, 2011, ECF No. 77.)

On December 12, 2012, Magistrate Judge Boyle granted in part and denied in part Mawn's motion for reconsideration. (Order Granting in Part and Denying in Part Motion for Reconsideration, December 12, 2011.) Magistrate Judge Boyle stayed, without opposition, the deposition of plaintiff, pending the outcome of the instant motion to dismiss. (*Id*.) In January 2012, plaintiff submitted opposition to the motion to dismiss, and also made a motion to take his deposition. (Motion to Conduct Deposition, January 26, 2012, ECF 79.) On January 30, 2012, Mawn filed a reply. (Motion to Dismiss for Lack of Prosecution Reply Memorandum in Further Support, January 30, 2012, ECF No. 78.)

The Court has considered all of the arguments of the parties.

---

[5] Mawn's motion to dismiss filed on November 18, 2011 includes a Notice of Motion, Memorandum in Support and Certificate of Service. The Certificate of Service indicates that the Notice of Motion, Memorandum in Support and an Affirmation were served on the plaintiff. However, the Affirmation was not filed on ECF. At the Court's request, Mawn filed the previously served Affirmation on August 16, 2012. (Affidavit/Affirmation, August 16, 2012, ECF No. 81.)

## II. Discussion

### A. Legal Standard

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a well-settled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority. . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see also Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999); *Lucas*, 84 F.3d at 535; *Jackson v. City of NY*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of NY*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'" quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981))). When the deportation of a party provides the basis for an adversary's Rule 41(b) motion, these same five factors should be considered. *See, e.g.*, *Reynoso v. Selsky*, No. 02-CV-6318 (CJS), 2011 WL 3322414, at *3 (W.D.N.Y. Aug. 2, 2011) (citing *Kele v. Pelkey*, No. 03-CV-170 (LEK/GHL), 2006 WL 581144, at *2-3 (N.D.N.Y. Mar. 8, 2006)).

In considering these factors, courts have routinely found that "it is the plaintiff's responsibility to keep the Court informed of his current address, and failure to do so may justify dismissal for failure to prosecute."

*Sims v. Fernandez*, No. 03 Civ. 2997 (KMW) (DF), 2004 U.S. Dist. LEXIS 6108, at *4 (S.D.N.Y. Mar. 16, 2004) (collecting cases); *see, e.g.*, *Parris v. Local 32B-32J*, No. 96 Civ. 3604, 1998 U.S. Dist. LEXIS 8672, at *2 n.1 (S.D.N.Y. June 12, 1998) ("In addition, the plaintiff's failure to notify either the Court or the Postal Service of her change in address indicates that the complaint should be dismissed independently for failure to prosecute."). However, the failure to provide a current address must not be considered in isolation, but rather in the context of the other above-referenced factors articulated by the Second Circuit.

### B. Application

As set forth below, although an analysis of the five factors favors dismissal of this case for failure to prosecute because of plaintiff's deportation, the Court concludes that, before implementing that sanction, plaintiff should be given an opportunity to rectify the situation by obtaining permission of the Secretary of the Department of Homeland Security to re-enter the United States. If plaintiff does not attempt to obtain such permission or is unsuccessful in those efforts, the Court will dismiss the case for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure.

#### 1. Duration of Plaintiff's Failures or Non-Compliance

There is no minimum period of non-compliance necessary to warrant dismissal under Rule 41(b). *See, e.g.*, *Peart*, 992 F.2d at 461-62 (dismissal appropriate where attorney requested ten-day adjournment of trial date); *Maiorani v. Kawasaki Kisen K.K., Kobe*, 425 F.2d 1162, 1163 (2d Cir. 1970) (per curiam) (dismissal appropriate where attorney failed to appear for commencement of trial, and requested a two-day adjournment); *see also Jackson*, 22 F.3d at 75 ("We do not mean even to imply that one warning is *per se* insufficient to constitute notice.").

Defendant Mawn argues that the first factor favors dismissal because plaintiff did not notify the Court of his deportation until more than a year after he was deported, and that he only admitted to deportation after direct questioning from Judge Boyle at the telephone conference on November 15, 2011. Moreover, defendant notes that "plaintiff actively led the Court and Defendant to believe that he was available at his East Elmhurst address." (Def.'s Br. at 9.) Mawn also notes that plaintiff did not meet his obligation under Local Rule 1.3(d) to immediately notify the Clerk of the Court of a change of his address. (*Id.* at 6.) In response, plaintiff argues that he "[h]as filed prompt responses to all court orders, letters from defendant was accessible for all schedule teleconference phone calls to this Honorable Court initiated by defendant." (Pl.'s Br. at ¶ 2.)

As a threshold matter, the Court agrees with defendant that plaintiff deliberately misled the Court about his permanent deportation to Trinidad and Tobago. Moreover, because plaintiff provided an incorrect address in East Elmhurst, Queens after he had been permanently deported to Trinidad and Tobago, he was not in contact with the Court and the defendants for a period of approximately five months. Specifically, the following facts in the record are uncontroverted: (1) the United States Immigration and Customs Enforcement (ICE) deported plaintiff from the United States to Trinidad and Tobago on November 18, 2010; (2) on December 20, 2010, about one month after being permanently deported, plaintiff filed a misleading notice with the Court stating the was changing his address to 26-15 94th

Street, East Elmhurst, New York; (3) the letters from defendant dated March 29, April 11, and April 14, 2011, sent to plaintiff, at the East Elmhurst address that he provided to the Court, were returned to defendant as "unclaimed" and "unable to forward"; (4) plaintiff's letter to Judge Boyle, dated April 4, 2011, merely advised the Court that plaintiff was "out of the country," but failed to disclose that he had changed his address from East Elmhurst, and failed to indicate that plaintiff had been deported; (5) defendant sent a letter, dated May 17, 2011, to plaintiff at the return address in Trinidad and Tobago (that was displayed on the envelope of the letter received by defendant from plaintiff on April 22, 2010), which advised plaintiff that if he was unable to participate in discovery, defendant would be compelled to move to dismiss for failure to prosecute; (6) by letter, dated May 19, 2011, plaintiff again advised the Court that he was "out of the country," and advised the Court that he could be contacted at either an address in East Elmhurst or an address in Trinidad, but again failed to disclose that he had been permanently deported from the United States; (7) by letter dated October 14, 2011, defendant wrote to plaintiff and advised him that he would move for failure to prosecute unless plaintiff was available for discovery; and (8) on November 15, 2011, during a telephone conference with Judge Boyle, plaintiff finally disclosed, in response to a direct question from Judge Boyle, that he had been deported.

Thus, plaintiff's claim that he was "accessible" is incorrect. From November 18, 2010 until approximately April 22, 2011, when he advised the Court that he was out of the country, he was not accessible to the defendant or the Court; in fact, plaintiff only advised the Court that he was not at the East Elmhurst address until three letters from defendant had been returned as unclaimed. Moreover, he failed to inform the Court of his current permanent address until approximately one year after his deportation. During that period, he failed to correct the false inference that he was available at his East Elmhurst address and failed to tell defense counsel during their correspondence the truth about his ability to return to the United States for a deposition. In short, his failure to advise the defendant and the Court of his deportation and his current permanent address certainly impeded the progress of this case and supports dismissal for failure to prosecute.

Moreover, even apart from plaintiff's past failures regarding the prosecution of this case, his current situation also favors dismissal of the case for failure to prosecute. In particular, even assuming *arguendo* that somehow plaintiff could comply with all his discovery obligations (including a video deposition) from Trinidad and Tobago, his permanent deportation prevents him from appearing at trial and prosecuting the case as a *pro se* plaintiff. The Court concludes that, where there is no reasonable possibility that a *pro se* plaintiff can appear at trial because of deportation, the court may dismiss the case for failure to prosecute after providing plaintiff with a reasonable time to rectify the order of deportation.

Other courts have reached a similar conclusion under analogous circumstances. For example, in *Brown v. Wright*, No. 05-CV-82 (FJS/DRH), 2008 WL 346347 (N.D.N.Y. Feb. 6, 2008), the court explained:

> It appears beyond question that dismissal must occur upon Brown's nonappearance at trial even if that nonappearance results from his deportation. Brown, proceeding pro se, must, of course, appear in person at trial both to present his claims and to testify concerning them. In his

absence, the trial cannot proceed. In these circumstances, it is unreasonable and unfair to both defendants and the Court to refrain from dismissal if there exists no reasonable possibility that Brown will appear in person for trial.

*Id.* at *4; *see also Villasenor v. City of Fairfield*, No. 11-16887, 2012 WL 2951385, at *1 (9th Cir. July 17, 2012) ("The district court did not abuse its discretion in dismissing Villasenor's action in light of the relevant factors, including the pendency of the action for over a year without meaningful prosecution, the risk of prejudice to the defendants from Villasenor's inability to respond to discovery or participate in the action after being deported to Mexico, and the court's consideration of alternatives."); *Chavez-Domiguez v. San Antonio Police Dep't*, No. 02-50166, 2002 WL 31688329, at *1 (5th Cir. Oct. 24, 2002) (per curiam) ("Chavez has been deported to El Salvador and, despite an order from the district court, failed to appear of the docket call and failed to offer any explanation of how he intends to pursue this action from another country. This appeal is therefore frivolous."); *Roach v. Vincent Sobal #10986 C.O.*, No. 92 CIV 7355 (TPG), 81971, 1999 WL 108612, at *1 (S.D.N.Y. Mar. 2, 1999) ("Because plaintiff has been deported from the United States and could not, in any event, legally return to this country to pursue his lawsuit, and because plaintiff has further failed to respond to the instant motion or pursue the action or contract the Court or defendants in any respect for a period of more than six months, the complaint is dismissed for failure to prosecute under Fed. R. Civ. P. Rule 41(b).").

In sum, because of plaintiff's failure to advise the Court of his deportation from the United States and because of his ongoing inability to re-enter the United States to appear for his trial as a *pro se* plaintiff, this factor favors dismissal of the case once plaintiff is given a reasonable opportunity to rectify the order of deportation.

2. Notice

Mawn argues that the second factor is met because Mawn "informed plaintiff in writing on May 17, 2011 and on October 14, 2011, that if plaintiff was unavailable to participate in discovery, Defendant would be forced to move to dismiss for failure to prosecute." (Def.'s Br. at 10 (citing Leahey Aff. ¶¶ 7, 11).) Defendant Mawn also argues that since plaintiff had notified the Court in writing of his address change on several occasions during the litigation, plaintiff was aware of this obligation. (*Id.* (citing *Reynosco*, 2011 WL 3322414, at *3 ("[T]he fact that plaintiff notified the court of his previous address change strongly suggests he was aware of this Court's requirement and his obligations.")).) This Court agrees. Plaintiff clearly knew that he had an obligation to update the Court in writing of his current address. Moreover, plaintiff was given notice of the requirement to keep his address updated by the Clerk of the Court. After plaintiff commenced this action, he was mailed a letter dated November 4, 2008, which, *inter alia*, stated "it is your duty to keep this office informed of any change of address; failure to do so may result in your case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b); a change of address form is enclosed." (Letter dtd. 11/4/08, November 4, 2008, ECF No. 5.) Accordingly, plaintiff clearly had notice of the requirement to keep his address updated. Moreover, defendant also sent two letters to plaintiff advising him that they would move for dismissal of the case for failure to prosecute if he was unavailable for discovery.

Although plaintiff was certainly aware that he needed to keep an updated address and was advised by defendant's counsel that he needed to be available for discovery or they would move for dismissal, the Court concludes that, prior to dismissal of his case, he should be given one additional warning that, unless he can rectify the fact that he is permanently deported from the United States and can thereby prosecute any trial in this case, the case will be dismissed for failure to prosecute. Thus, this Memorandum and Order will provide plaintiff with such notice before dismissal.

### 3. Prejudice to Defendant Mawn

For the purposes of Rule 41(b), "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (internal citations omitted); *see Shannon*, 186 F.3d at 195 ("[P]rejudice to defendants resulting from unreasonable delay may be presumed.").

In this case, the Court finds that defendant Mawn has been prejudiced by the delay and will continue to be prejudiced by any further delay. As discussed *supra*, while document discovery was completed by communicating with plaintiff in Trinidad, Mawn has been unable to depose plaintiff. According to Mawn's October 19, 2011 letter to Magistrate Judge Boyle, plaintiff misled Mawn into believing that he would be returning to New York, and therefore would be available to be deposed in person. Accordingly, this delay has already prejudiced defendant. Moreover, Mawn certainly will be subjected to prejudice if this 2008 action, which alleges serious constitutional misconduct by Mawn, continues to remain open indefinitely while plaintiff attempts to address his permanent order of deportation so that he can appear at any trial in this case. Thus, once a reasonable time period is provided to allow plaintiff to rectify the deportation situation, this factor strongly favors dismissal of the action because of the prejudice to Mawn of keeping this 2008 lawsuit open indefinitely without any prospect for resolution by trial.

### 4. The Court's Interest in Managing its Docket Versus Plaintiff's Interest in Receiving an Opportunity to be Heard

"There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36. Defendant Mawn argues that, in light of plaintiff's deportation, this factor favors dismissal because while the deposition of plaintiff may be taken by telephone, this does not resolve the issue of plaintiff's attendance at trial. (Def.'s Br. at 11-12 (citing *Brown v. Wright*, No. 05-CV-82 (FJS/DRH), 2008 WL 346347, at *4 (N.D.N.Y. Feb. 6, 2008) (order adopting report and recommendation)).) This Court agrees.

Here, the Court's ability to manage its docket has been significantly impaired by the delays caused by plaintiff's deportation. Discovery was scheduled to close on October 28, 2011. However, because of plaintiff's deportation, discovery has not been completed. On the other hand, plaintiff has had ample opportunity to present his case and participate in discovery. By plaintiff being deported, and not notifying the Court or Mawn, plaintiff has delayed this action and avoided being deposed. Moreover, unless plaintiff obtains permission from the Secretary of the Department of Homeland Security to return to the United States to participate in the trial, this case could remain open on this Court's

docket indefinitely because no trial will be possible. Accordingly, this factor strongly favors dismissal.

5. The Efficacy of Lesser Sanctions

Under Rule 41(b), "dismissal is a remedy that a district judge should generally impose 'only when he is sure of the impotence of lesser sanctions.'" *Dodson v. Runyon*, 86 F.3d 37, 42 (2d Cir. 1996) (quoting *Chira v. Lockheed Aircraf Corp.*, 634 F.2d 664, 665 (2d Cir. 1908)). Here, a lesser sanction than dismissal is appropriate.

In *Brown v. Wright*, although plaintiff had been deported, the Northern District of New York found that dismissal was not warranted. 2008 WL 346347, at *1. As the court stated:

> It appears beyond question, that dismissal must occur upon [plaintiff's] nonappearance at trial even if nonappearance results from his deportation. . . . The threshold issue presented, therefore, is whether there is any reasonable likelihood that [plaintiff] will be able to appear in person for trial of this action.

*Id*. at *4. In addressing that issue, the court concluded that, "[b]ecause the law appears to afford [plaintiff] a means of obtaining lawful reentry into the United States to appear in person for a trial of this case," discovery should be stayed and plaintiff should be provided with a date by which to file a copy of the written consent of the United States Attorney General, or his designee, granting the plaintiff permission to reapply for admission to the United States. *Id*. at *4-5. The court then noted that, in the event plaintiff failed to file, defendants were granted leave to submit a letter requesting dismissal of the action. *Id*. at *5.

In this case, the Court believes the same prudent action is warranted. However, rather than directing that plaintiff provide the Court with the written consent itself, the Court will first order that plaintiff provide the Court with proof that he has submitted an application to the Secretary of the Department of Homeland Security[6] for permission to re-apply for admission. If he does so by October 31, 2012, then the Court will require him to provide the Court with the response to his application within 30 days of him receiving such response from the Secretary of the Department of Homeland Security.

Accordingly, plaintiff shall file with the Court by October 31, 2012 a copy of the application that he filed with the Secretary of the Department of Homeland Security for written consent to grant the plaintiff permission to reapply for admission to the United States. If plaintiff fails to file with this Court, by October 31, 2012, a copy of

---

[6] Although the Court in *Brown* makes reference to obtaining the consent of the United States Attorney General, this authority was transferred to the Secretary of the Department of Homeland Security by the Homeland Security Act of 2002. *See Elgharib v. Napolitano*, 600 F.3d 597, 606-07 (6th Cir. 2010) ("When Congress passed the Homeland Security Act of 2002, it transferred to DHS authority over all functions that the former Immigration and Naturalization Services ("INS") or its officers previously carried out. 6 U.S.C. §§ 202, 251. This legislation effectively replaced all statutory references to the INS or its officers with references to the applicable DHS official. 6 U.S.C. § 557."); *Vasquez v. Holder*, 602 F.3d 1003, 1006 n.3 (9th Cir. 2010) ("Effective March 1, 2003, the Immigration and Naturalization Service (INS), under the direction of the Attorney General, ceased to exist and its functions were transferred to the Department of Homeland Security (DHS). *See* Homeland Security Act of 2002, Pub.L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002)"); *United States v. Rios-Zamora*, 153 F. App'x 517, 520-21 (10th Cir. 2005) ("With the transfer of authority under § 557, as of March 1, 2003, the title 'Attorney General' is synonymous with the Secretary of Homeland Security.").

such application that he has made to the Secretary of the Department of Homeland Security, this action will be dismissed with prejudice for failure to prosecute.

The Court notes that there is one other potential avenue by which plaintiff may be able to avoid dismissal of this case even if he is unable to return to the United States because of the permanent order of deportation. In particular, if he is able to retain counsel in this case by October 31, 2012, the Court will explore with his attorney the feasibility of a videotaped deposition being taken in Trinidad and Tobago and then utilized for purposes of any trial in this case, which could be prosecuted by his attorney while plaintiff remained in Trinidad and Tobago. *See* Fed. R. Civ. P. 30(b) (authorizing a court to order a deposition take place by telephone or other remote means); *see also Brown v. Wright*, 2008 WL 34347, at *3 (discussing possibility of a deposition by teleconference).

In addition, the Court stays this action pending plaintiff's application to the Secretary of the Department of Homeland Security. To the extent that plaintiff may suggest that discovery (such as a videotaped deposition) should continue in the interim, the Court, in its discretion, believes it unreasonable to impose such additional costs and burdens on the defendant given the clear possibility that this case will need to be dismissed in the near future for failure to prosecute unless plaintiff is able to rectify his inability to participate in a trial in this case because of the permanent order of deportation currently in place against him that prevents him from legally returning to the United States.

### III. CONCLUSION

For the reasons set forth above, Mawn's motion to dismiss is denied without prejudice to renewal. Plaintiff shall file with the Court by October 31, 2012 a copy of the application that he filed with the Secretary of the Department of Homeland Security for written consent to grant the plaintiff permission to reapply for admission to the United States. In the alternative, plaintiff may retain an attorney and have that attorney file a notice of appearance in this case on plaintiff's behalf by October 31, 2012. If plaintiff takes neither of these actions by October 31, 2012, this action will be dismissed with prejudice for failure to prosecute upon letter motion by the defendant.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Date: September 4, 2012
Central Islip, NY

\* \* \*

Plaintiff Shawn M. Kuar is appearing *pro se*. Defendant Michael Mawn is represented by The Office of the Attorney General of the State of New York, 300 Motor Parkway, Suite 205, Hauppauge, New York 11988, by Anne C. Leahey.